# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROSALYN CHRISTOPHERSON,      )
                               )
                Plaintiff,     )
                               )
        v.            )
                               )
POLYCONCEPT, NORTH AMERICA,   )   Civil Action No. 20-545
INC., JASON KRAUSE, BRANDY     )
FERGUSON, BRENDA SCHOLL,      )
ALLISON KOEHLER, ADAM         )
BUCHBINDER, TOM MEDICE,      )
                               )
               Defendants.   )

## MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiff Rosalyn Christopherson, proceeding *pro se*, alleges that her employer, Defendant Polyconcept North America, Inc. ("Polyconcept"), and Defendants Jason Krause, Brandy Ferguson, Brenda Scholl, Allison Koehler, Adam Buchbinder and Tom Medice (the "Individual Defendants") violated the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA") on various occasions between April 2017 and July 2019. (*See* Docket No. 5). Presently before the Court is Defendants' Partial Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which is opposed by Plaintiff. (Docket Nos. 14, 15, 18, 19). After careful consideration of the parties' arguments in light of the prevailing legal standards, Defendants' Motion will be granted insofar as the First and Second Allegations and all claims in the Complaint as asserted against the Individual Defendants will be dismissed without prejudice to amendment by Plaintiff with sufficient facts to state a plausible claim for relief. The Motion will be denied as to the claim for damages in lines 136 – 144 of the Complaint.

1

II.     **BACKGROUND**

On April 16, 2020, Plaintiff filed a motion to proceed *in forma pauperis* with an accompanying Complaint, which was lodged pending disposition of the IFP motion. (Docket No. 1). After the IFP motion was granted, Plaintiff's Complaint was filed on May 6, 2020.[1] (Docket Nos. 3, 5).

Plaintiff's Complaint consists of four "Allegations." As set forth in the First Allegation, Plaintiff was granted FMLA "intermittent/reduced schedule leave" beginning in October 2016 because of anxiety. (Docket No. 5 at 1). Plaintiff returned to Polyconcept's embroidery department for "retraining" in April 2017. (*Id.*). Due to the trainer's schedule, Plaintiff was required to change from second to first shift, and she was scheduled for mandatory overtime according to the first shift schedule which required her to work from 4:00 a.m. until 2:00 p.m. (*Id.* at 1-2). Plaintiff claims that the physical stress caused by the shift change was comparable to "jet lag," and the mental stress associated with unnecessary retraining necessitated that she sleep in her car for up to two hours before she felt well enough to drive home after work. (*Id.* at 2). After several days, Plaintiff spoke to her second shift supervisor, Jason Krause, and told him that she would use her FMLA leave to alleviate the stress associated with the shift change and overtime work. (*Id.*). Mr. Krause allegedly told Plaintiff that she had to work the ten-hour schedule and could not use her FMLA leave, and further advised her to speak to the first shift supervisor, Brandy Ferguson, concerning her intention to use FMLA leave. (*Id.*). Ms. Ferguson also allegedly told Plaintiff that she could not use her FMLA leave. (*Id.*). Within a day or so thereafter, Plaintiff fell asleep from stressful exhaustion while watching a training video. (*Id.*). Ms. Ferguson observed Plaintiff sleeping, contacted Brenda Scholl of Human

---

[1]     The case was re-assigned to this member of the Court on September 22, 2020. (Docket No. 17).

Resources to have her written up, and she was given a written "Final Warning" as a disciplinary action.   (*Id.*).

In the Second Allegation, Plaintiff claims that her medical provider again approved her for an "intermittent/reduced schedule" in October 2017.   (Docket No. 5 at 2).   According to Plaintiff, the FMLA leave should have commenced in May 2017, but it was deferred until October 2017 after paper work which Polyconcept allegedly lost was resubmitted.   (*Id.* at 2-3). Plaintiff alleges that she previously was permitted to take leave as needed to avoid the extra stress of mandatory overtime.   (*Id.* at 3).   However, after Plaintiff's FMLA leave was approved, Mr. Krause, Ms. Ferguson and Allison Koehler of Human Resources informed her that she would need to work 40 hours per week and any deviation would result in disciplinary points. (*Id.*).   Plaintiff claims that she had received 13 points on a 16-point scale for taking time off when she believed she was covered under the FMLA but was not because Polyconcept had lost her paperwork.   (*Id.*).   Because Plaintiff was afraid of losing her job, she worked a 40-hour week until her FMLA leave expired in April 2018.   (*Id.*).   Plaintiff alleges that 13 points were later removed using her vacation time to cover time off between May 2017 and October 2017, thus she had no relief from the mandatory work schedule from October 2017 until December 2017.   (*Id.*).   Plaintiff further claims that she was unable to avoid the "mandatory 40-hour week/8-hour day schedule" from January 2018 until April 2018 because her vacation time/paid time off was absorbed into her FMLA leave.   (*Id.*).

Plaintiff alleges in the Third Allegation that she called off work on January 21, 2019 because she did not feel well.   (Docket No. 5 at 3).   Subsequently, Plaintiff left work one hour after punching in on January 29, 2019 because she was experiencing severe pain.   (*Id.*).   She ultimately went to the emergency room and was given an excuse for work.   (*Id.* at 3-4).

3

Plaintiff presented Ashley Salfemoser with the excuse, but she was told that she would receive a point for leaving work early on January 29th, and Polyconcept only accepts FMLA leave, not medical excuses.   (*Id.* at 4).   In response to Plaintiff's request for FMLA paperwork for her medical provider, a meeting was arranged with Adam Buchbinder of Human Resources, who provided the paperwork and reiterated that she would receive a point for leaving early on January 29th.   (*Id.*).   However, Mr. Buchbinder supposedly agreed that the paperwork could be backdated by her medical provider to cover January 29th.   (*Id.*).   Plaintiff's doctor diagnosed her with sciatica and completed the FMLA paperwork, which was returned to Polyconcept and approved.   (*Id.*).   After Plaintiff was later informed that she also received a point for her absence on January 21, 2019, she met with Mr. Buchbinder concerning the matter, explained that she could have her doctor backdate the FMLA paperwork to cover that absence, and Mr. Buchbinder agreed to send her doctor the paperwork to revise the dates of her illness.   (*Id.*).   In a subsequent meeting with Mr. Buchbinder, Plaintiff was informed that the point assessed for January 21st would not be deducted and the paperwork would not be provided to her doctor for revision because Mr. Buchbinder and Tom Medice had listened to the recording of her call-off indicating that she had a sore throat, which was unrelated to sciatica.   (*Id.*).   According to Plaintiff, sciatica may be related to infection, but options for another medical opinion were not discussed.   (*Id.* at 4-5).

As alleged in the Fourth Allegation, Plaintiff began treatment for high blood pressure in May 2019, she began having heart flutters and lightheadedness in July 2019, and she subsequently was given a series of heart tests.   (Docket No. 5 at 5).   On an unspecified date, Plaintiff went to work, but she called the call-off line to report that she was running late.   (*Id.*). She eventually entered the building at 6:15 a.m. because she was not feeling well, and she did

4

not punch in until approximately 6:25 a.m.   (*Id.*).   Plaintiff requested FMLA paperwork after she was told that she received a half-point for punching in late.   (*Id.*).   Although Plaintiff's medical provider completed the paperwork to cover the time period involving her heart symptoms, testing and rest, the half-point was not removed.   (*Id.*).   Plaintiff claims that Ms. Salfemoser later informed her that she could not "bid" on any other jobs due to disciplinary points.   (*Id.*).   In sum, Plaintiff alleges that adverse actions were taken against her which resulted in physical and mental stress and "failure for promotions" at Polyconcept.   (*Id.*).

Plaintiff alleges in the "Cause of Action" section of the Complaint that Polyconcept and the Individual Defendants violated the FMLA because they interfered with her right to utilize FMLA leave.   (Docket No. 5 at 5-6).   Consequently, Plaintiff seeks compensatory damages in excess of $10,000 as to each of the Four Allegations in the Complaint.   (*Id.* at 6).

On September 8, 2020, Polyconcept filed a Partial Answer and Affirmative Defenses to Plaintiff's Complaint.   (Docket No. 12).   On that same date, Polyconcept and the Individual Defendants also filed the pending Partial Motion to Dismiss pursuant to Rule 12(b)(6).   (Docket Nos. 14, 15).   Plaintiff subsequently filed a Response opposing Defendants' Partial Motion to Dismiss, to which Defendants replied.   (Docket Nos. 18, 19).   The matter is now ripe for disposition.

### III.   <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).   When analyzing a motion to dismiss, the factual

allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes her Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

## IV.   DISCUSSION

The FMLA "entitle[s] employees to take reasonable leave for medical reasons," 29 U.S.C. § 2601(b)(2), but they must do so "in a manner that accommodates the legitimate interests of employers." *Id.* § 2601(b)(3). When an employee invokes rights granted under the FMLA, her employer may not "interfere with, restrain, or deny the exercise of or attempt to exercise" those rights. *Id.* § 2615(a)(1). Additionally, the employer may not "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful." *Id.* § 2615(a)(2). "The former provision is generally . . . referred to as 'interference' whereas

the latter is often referred to as 'retaliation.' "   *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301 (3d Cir. 2012) (citation omitted).

As the Court understands Plaintiff's *pro se* Complaint, she claims that Polyconcept and the Individual Defendants violated the FMLA because they interfered with her right to use FMLA leave.   (*See* Docket Nos. 5 at 5-6; 18 at 13 (stating that Polyconcept and the Individual Defendants "are each in violation of FMLA statutes involving interference with [Plaintiff's] FMLA rights").   In response, Defendants move to dismiss Plaintiff's Complaint, in part, pursuant to Rule 12(b)(6) on the following grounds: (1) the First and Second Allegations of the Complaint should be dismissed with prejudice because they are barred by the applicable statute of limitations and because they do not state a plausible claim for relief; (2) all Allegations and claims in the Complaint as asserted against the Individual Defendants should be dismissed with prejudice because Plaintiff has not, and cannot, allege facts to support plausible claims of individual liability against them under the FMLA; and (3) Plaintiff's claim for compensatory damages should be dismissed with prejudice because such damages are not available under the FMLA.   (*See* Docket Nos. 14, 15).   Defendants' Motion will be granted in part and denied in part as explained below.

### A.   <u>The First and Second Allegations are Barred by the Applicable Statute of Limitations, and Those Allegations Otherwise Fail to State a Plausible Claim for Relief Under the FMLA.</u>

As a threshold matter, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss.   *See Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002) (citing Fed. R. Civ. P. 8(c)).   However, the Third Circuit Court of Appeals "permit[s] a limitations defense to be raised by a motion under Rule 12(b)(6) . . . if the time alleged in the statement of a claim shows that the

cause of action has not been brought within the statute of limitations."   *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks and citation omitted); *see also Datto v. Harrison*, 664 F. Supp. 2d 472, 482 (E.D. Pa. 2009) ("Although the statute of limitations is an affirmative defense, it may be raised in a motion to dismiss where the plaintiff's failure to comply with the limitations period is apparent from the face of the pleadings.").  Here, it is apparent from the face of Plaintiff's Complaint that the First and Second Allegations are time-barred under the applicable statute of limitations.

The statute of limitations for FMLA claims is "2 years after the date of the last event constituting the alleged violation for which the action is brought."  29 U.S.C. § 2617(c)(1). However, in the case of a "willful" violation of the FMLA, the statute of limitations is extended to "3 years of the date of the last event constituting the alleged violation for which such action is brought."   *Id.* § 2617(c)(2).   Although the FMLA does not define "willfulness," other courts in this Circuit have found that willfulness requires a plaintiff to show that her "employer either knew or showed a reckless disregard for the matter of which its conduct was prohibited." *Hudson v. Independence Blue Cross, LLC*, Civ. No. 18-3631, 2019 WL 1045303, at *2 (E.D. Pa. Mar. 5, 2019) (quoting *Jetter v. Rohm and Haas Chems., LLC*, No. 08-1617, 2011 WL 2473917, at *5 (E.D. Pa. June 22, 2011)); *Seifert v. Commonwealth of PA Human Relations Comm'n*, 515 F. Supp. 2d 601, 615 (W.D. Pa. 2007) (same).

The First and Second Allegations of the Complaint do not contain allegations indicating that Defendants' claimed violations of the FMLA were willful.[2]   To that end, Plaintiff fails to

---

[2]        "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).   Accordingly, the Court may not consider Plaintiff's assertions, raised for the first time in her Opposition brief, broadly contending that "the refusal of

plead that Defendants either knew or recklessly disregarded that their conduct allegedly violated the FMLA.   Absent such allegations, or facts sufficient to support a reasonable inference that Defendants' conduct was willful with respect to any claimed FMLA violation, the three-year statute of limitations for willful violations is inapplicable here.   Therefore, the Court must determine whether Plaintiff's FMLA claims in the First and Second Allegations were made "2 years after the date of the last event constituting the alleged violation for which the action is brought."   29 U.S.C. § 2617(c)(1).

In making that determination, the Court first observes that Plaintiff's *pro se* Complaint is deemed constructively filed on April 16, 2020, the date the Clerk of Court received it, along with her motion to proceed i*n forma pauperis*, which subsequently was granted on April 29, 2020. (Docket Nos. 1, 3).   *See Hughes v. Smith*, 237 F. App'x 756, 759 (3d Cir. 2007) (a complaint will be deemed "constructively filed on the date the clerk received it, as long as the District Court ultimately granted the motion to proceed *in forma pauperis* or the plaintiff paid the filing fee."); *Richardson v. Diagnostic Rehab. Ctr.*, 836 F. Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").   Next, Plaintiff makes claims in the First Allegation about events that allegedly occurred in April 2017 and earlier.   (Docket No. 5 at 1-2).   Consequently, the two-year statute of limitations period for non-willful violations of the FMLA expired prior to the time Plaintiff lodged her Complaint on April 16, 2020.

---

[her] FMLA privilege was deliberate," that Polyconcept's actions concerning her FMLA leave "constitute willful violations," and that her claims may be brought "within a three-year time limit" because of Defendants' "willful acts of refusing her need to invoke her FMLA privileges."   (Docket No. 18 at 3, 6).   Rather, the Court's review here is confined to the Complaint, which, as stated, does not contain allegations of willful conduct by Defendants as to the claims underlying the First and Second Allegations.

As to the Second Allegation, Plaintiff makes claims about events occurring between October 2017 and April 2018.   (Docket No. 5 at 2-3).   To that end, Plaintiff asserts that she was unable to avoid the "mandatory 40-hour week/8-hour day schedule" until an unspecified date in April 2018 because her vacation time/paid time off was absorbed into her FMLA leave. (*Id.* at 3).   As currently pled, it is not apparent that any claim associated with an unspecified date in April 2018 falls within two years of the Complaint lodged on April 16, 2020.

Moreover, despite broadly asserting that Defendants violated the FMLA by interfering with her right to use FMLA leave, (*see* Docket No. 5 at 5-6), Plaintiff has failed to allege a plausible claim for relief in the First and Second Allegations.   To state a FMLA interference claim, a plaintiff must plead the following: (1) she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) she gave notice to the defendant of her intention to take FMLA leave; and (5) she was denied benefits to which she was entitled under the FMLA.   *Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014).

In this instance, Plaintiff only vaguely refers to her alleged FMLA benefits by asserting in the First Allegation that she was "granted FMLA intermittent/reduced schedule leave" and in the Second Allegation that she "was approved again for FMLA leave for an intermittent/reduced schedule."   (*See* Docket No. 5 at 1, 2).   She then makes various complaints about her work schedule relative to a shift change and the number of scheduled hours per work day.   (*Id.* at 1-3).   However, Plaintiff fails to state a plausible FMLA interference claim in either the First or Second Allegation because she does not allege the FMLA benefits to which she claims she was entitled, nor does she allege how her work schedule supposedly resulted in a denial of those benefits.

For these reasons, the First and Second Allegations will be dismissed for failure to plausibly state a timely FMLA interference claim.   However, given Plaintiff's *pro se* status, dismissal will be without prejudice, and she will be permitted to amend her Complaint to the extent that she is able to plausibly allege a timely FMLA claim (willful or otherwise) relative to the events asserted in the First and Second Allegations.   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (a district court should generally allow amendment by a *pro se* plaintiff before dismissing pursuant to Rule 12(b)(6) unless amending would be inequitable or futile).

### B.   <u>The Complaint Fails to State a Plausible Claim For Relief Under the FMLA Against the Individual Defendants.</u>

Under the FMLA, an "employer" includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."   29 U.S.C. § 2611(4)(A)(ii)(I).   "[A]n individual is subject to FMLA liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest."   *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012) (internal quotation marks and citation omitted).   "[A]n individual supervisor has adequate authority over the complaining employee when the supervisor independently exercise[s] control over the work situation."   *Id.* (internal quotation marks and citation omitted).

In analyzing an individual supervisor's control over the employee under the FMLA, courts analyze the "economic reality" of the employment situation and "examin[e] whether the individual supervisor carried out the functions of an employer with respect to the employee." *Haybarger*, 667 F.3d at 417 (collecting cases).   Relevant factors in the economic reality

11

analysis include whether the individual "(1) had the power to hire and fire the employee[ ], (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 418 (citation omitted).   No one factor, however, is dispositive, and the Court must consider any other relevant evidence of a supervisory relationship.   *Id.*

In consideration of the foregoing factors, Plaintiff fails to state a plausible claim for relief under the FMLA against the Individual Defendants. The Complaint is devoid of allegations indicating that any of the Individual Defendants supervised and controlled her work schedule or employment conditions, determined her rate and method of payment, had the power to hire or fire her, or maintained employment records.   Although Plaintiff alleges that Mr. Krause and Ms. Ferguson were shift supervisors and informed her that she would be required to work 10-hour shifts and 40 hours per week, the allegations in the Complaint are unclear whether Mr. Krause and/or Ms. Ferguson actually supervised and controlled Plaintiff's work schedule, or whether decisions concerning same were made by others.   (*See e.g.*, Docket No. 5 at 2) (alleging that "Mr. Krause told Plaintiff to also speak with Brandy Ferguson, 1st shift supervisor concerning her intention to utilize FMLA leave.").   The allegations as to the other four Individual Defendants are even more tenuous: (1) Ms. Scholl of Human Resources was contacted by Ms. Ferguson to have Plaintiff written up for sleeping on the job; (2) Ms. Koehler of Human Resources, along with Mr. Krause and Ms. Ferguson, informed Plaintiff that she needed to work 40 hours per week; (3) Mr. Medice listened to a recording of Plaintiff's call-off for January 21, 2019; and (4) Mr. Buchbinder addressed Plaintiff's questions concerning a disciplinary point she was assessed in January 2019.   (*See id.* at 2, 3, 4).

As currently pled, Plaintiff's Complaint fails to plausibly allege that any of the Individual Defendants exercised supervisory authority over her sufficient to state a claim for individual liability under the FMLA.   As such, all claims in the Complaint as asserted against the Individual Defendants must be dismissed without prejudice.   Once again, given Plaintiff's *pro se* status and the liberal policy in favor of allowing amendment, the Court will permit her to amend the Complaint to the extent that she is able to plausibly allege a claim for individual liability against one or more of the Individual Defendants.   *See Grayson*, 293 F.3d at 114.

### D.  Compensatory Damages

Defendants argue that Plaintiff's "Damages" section of the Complaint only alleges compensatory damages, which are not available under the FMLA, thus the entire damages claim and allegations should be dismissed with prejudice.   The Court disagrees.

The FMLA allows recovery of damages for "any wages, salary, employment benefits, or other compensation denied or lost . . . by reason of the violation."   29 U.S.C. § 2617(a)(1)(A)(i)(I); *see also Sommer v. The Vanguard Group*, 461 F.3d 397, 399 (3d Cir. 2006) (To deter FMLA interference, "Congress has provided that an employer may be found liable for civil damages that include: ***compensatory damages*** for any wages, salary, employment benefits or other compensation lost by reason of the violation; and liquidated damages.") (emphasis added) (citing 29 U.S.C. § 2617(a)(1)(A)); *Leathers v. GlaxoSmithKline, LLC*, Civ. No. 2:19-cv-04939-JMG, 2021 WL 1837436, at *3 (E.D. Pa. May 7, 2021) (explaining that an employer who violates the FMLA may be subject to civil penalties including compensatory damages as set forth in the statute) (citing 29 U.S.C. § 2617(a)(1)).

As to each Allegation in the Complaint, Plaintiff requests "compensatory damages in excess of $10,000."   (Docket No. 5 at 6).   To the extent Plaintiff seeks the type of

13

compensatory damages specified in the statute, Plaintiff's demand for those damages is permissible.  *See Thomas v. St. Mary Med. Ctr.*, 22 F. Supp. 3d 459, 476 (E.D. Pa. 2014) (observing that the FMLA allows recovery for compensatory damages as specified in the statute and rejecting argument that the plaintiff could not recover same where she demanded "compensatory damages in an amount to be determined").  However, to the extent Plaintiff seeks recovery for compensatory damages beyond those specified in the statute, such as pain and suffering or claims for emotional distress, those kinds of damages are unavailable.  *See Quinones v. Lehigh Valley Health Network, Inc.*, No. 5:14-cv-2410, 2015 WL 5585486, *5 (E.D. Pa. Sept. 22, 2015).   Accordingly, Defendants' Partial Motion will be denied as to the request to dismiss Plaintiff's entire damages claim and allegations.   Compensatory damages of the type specified in the statute are plainly recoverable.

## V.   **CONCLUSION**

Defendants' Partial Motion to Dismiss the Complaint (Docket No. 14) will be granted in part and denied in part as set forth herein.

An appropriate order follows.

_s/ W. Scott Hardy_
W. Scott Hardy
United States District Judge

Date:          July 22, 2021

cc/ecf:        All counsel of record

               Rosalyn Christopherson (via U.S. mail)
               1770 Greensburg Road
               Lower Burrell, PA   15068