IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSALYN CHRISTOPHERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-545 |
| | ) |
| POLYCONCEPT, NORTH AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER OF COURT**

**I.     BACKGROUND**

Plaintiff Rosalyn Christopherson, proceeding *pro se*, initially filed suit against her employer, Defendant Polyconcept North America, Inc. ("Polyconcept"), and Defendants Jason Krause, Brandy Ferguson, Brenda Scholl, Allison Koehler, Adam Buchbinder and Tom Medice (the "Individual Defendants") alleging violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA"). (*See* Docket No. 5). Polyconcept and the Individual Defendants filed a Partial Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which the Court granted, in part, by a Memorandum Opinion and Order on July 22, 2021 (collectively, the "July 22 Order"). (Docket Nos. 24, 25). Relevant here, Defendants' Motion was granted insofar as the First and Second Allegations and all claims in the Complaint as asserted against the Individual Defendants were dismissed without prejudice to amendment by Plaintiff with sufficient facts to state a plausible claim for relief. (*See* Docket No. 25). Pursuant to the July 22 Order, Plaintiff was to file an amended complaint, if she wished to do so, by August 23, 2021; otherwise, the First and Second Allegations and all claims in the Complaint as asserted against the Individual Defendants would be dismissed with prejudice. (*See id.*). If Plaintiff filed a timely amended

complaint, the July 22 Order provided that Defendants' responsive pleading to same was due by September 7, 2021.  (*Id.*).

On August 23, 2021, Plaintiff filed an Amended Complaint against Defendant Polyconcept, only, consisting of six "Allegations."[1]  (Docket No. 26).  The First through Fourth Allegations deal with Plaintiff's various claims that Defendant violated the FMLA because it interfered with her right to use FMLA leave.  (*See id.* at 1-15).  Plaintiff added a Fifth Allegation claiming FMLA retaliation based on the facts set forth in the First through Fourth Allegations, (*id.* at 15-17), and a Sixth Allegation asserting a claim pursuant to Title VII of the Civil Rights Act of 1964, alleging that Defendant acted in retaliation for her 2017 EEOC charge of discrimination and subsequent 2018 federal lawsuit (collectively, the "2017-2018 litigation").  (*Id.* at 17-21).

Before Defendant had an opportunity to respond to Plaintiff's Amended Complaint pursuant to the July 22 Order, Plaintiff filed the pending Motion to Amend her Amended Complaint on August 30, 2021, with the proposed Second Amended Complaint attached, and she subsequently filed a Reply in support of her Motion.  (Docket Nos. 27, 27-1, 32).  According to Plaintiff, her proposed Second Amended Complaint "contains clarification of allegations in her original complaint and her previously amended complaint, as well as a summary of her prior case against Polyconcept, and three additional allegations. . . . "  (Docket No. 27 at 2).  The proposed Second Amended Complaint contains an Eighth Allegation (Part I), which summarizes the 2017-2018 litigation, an Eighth Allegation (Part II), claiming race and/or age discrimination based on unfair work assignments pursuant to Title VII of the Civil Rights Act, along with a vague reference to a claim for intentional infliction of emotional distress, and a Ninth Allegation for a charge of

---

[1] Given that Plaintiff did not amend her claims against the Individual Defendants pursuant to the July 22 Order, all claims in the Complaint as asserted against the Individual Defendants will be dismissed with prejudice by separate Order of Court.

obstructing justice pursuant to 18 U.S.C. § 1513(e).[2] (*See* Docket No. 27-1 at 22-32). Defendant opposes Plaintiff's Motion to Amend the Amended Complaint. (*See* Docket No. 29). For reasons that follow, Plaintiff's Motion will be denied.

## II. **DISCUSSION**

Initially, Federal Rule of Civil Procedure 15 permits a party to "amend its pleading once as a matter of course" within 21 days after serving it or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent" or with leave of court. Fed. R. Civ. P. 15(a)(2). When a party requests leave by filing a motion to amend, a decision on the motion is committed to the sound discretion of the district court. *See United States ex rel. Thomas v. Siemens AG*, 593 F. App'x 139, 144 (3d Cir. 2014) (citation omitted).

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: '[t]he court should freely give leave when justice so requires.' " *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019). Notwithstanding this liberal standard, "[d]enial of leave to amend can be based on undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)).

---

[2] The proposed Second Amended Complaint contains the First through Sixth Allegations as set forth in the Amended Complaint, as well as an Eighth Allegation (Part I), an Eighth Allegation (Part II) and a Ninth Allegation. There is no reference to a Seventh Allegation.

" 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted," and is analyzed under the same legal sufficiency standard as a Rule 12(b)(6) motion to dismiss. *Evans v. City of Philadelphia*, 763 F. App'x 183, 185–86 (3d Cir. 2019) (citation omitted). Accordingly, the Court must determine whether the proposed pleading sets forth "enough facts to state a claim to relief that is plausible on its face."[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this assessment, the Court liberally construes Plaintiff's proposed Second Amended Complaint, given that she is proceeding *pro se*, and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

In this case, the time for amending the Complaint as a matter of course passed, the Court afforded Plaintiff an opportunity to amend her Complaint once, which she has done, and Defendant opposes Plaintiff's request to file a Second Amended Complaint, so Plaintiff has appropriately sought leave to amend from the Court. Defendant argues, however, that Plaintiff's Motion to Amend should be denied because the new claims in her proposed Second Amended Complaint are legally insufficient, thus amendment would be futile. (Docket No. 29 at 7-11). Defendant additionally contends that it would be severely prejudiced by the proposed amendments. (*Id.* at 11-12).

---

[3] When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Here, the Court will deny Plaintiff's Motion because the proposed amendments contained in the Second Amended Complaint are futile, given that each of the proposed new "Allegations" would fail to state a claim upon which relief could be granted.  First, the Eighth Allegation (Parts I and II) summarizes and essentially restates the same claims that Plaintiff brought in the 2017-2018 litigation, which was dismissed.   Plaintiff is unable to re-litigate any such claims, which she acknowledges.  (*See* Docket No. 27-1 at 22) (stating in connection with the Eighth Allegation that "Plaintiff is aware that this prior case cannot be brought against Polyconcept again.")).  To the extent that Plaintiff attempts to assert a new claim in the Eighth Allegation (Parts I and II) that she suffered discrimination in Defendant's embroidery department after the 2017-2018 litigation, any such claim fails because the proposed Second Amended Complaint does not allege that she exhausted her administrative remedies related thereto by filing a charge of discrimination with the EEOC.[4]  *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) ("A plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief.") (internal quotation marks and citation omitted).  Further, any new charge of discrimination alleging Title VII discrimination based on her work in the embroidery department, which ended in the fall of 2019, would be untimely because more than 300 days have passed since her last complaint of

---

[4] In Reply, Plaintiff contends that she filed three "complaints" with the EEOC in 2019.  (Docket No. 32 at 4). Supposedly, two "complaints" were lost, but Plaintiff claims that she "will be able to submit evidence of [the third] filing."  (*Id.*).  Plaintiff's current assertion concerning alleged EEOC filings in 2019 fails to alter the fact that the proposed Second Amended Complaint does not allege administrative exhaustion.  For instance, although Plaintiff now claims that she filed "complaints" with the EEOC in 2019, she does not contend that the EEOC issued a notice of the right to sue, let alone that her proposed new claim falls within the scope of any such prior EEOC complaint.  *See Hines v. Vulcan Tools Co.*, 813 F. App'x 754, 757 (3d Cir. 2020) ("To bring a Title VII claim in federal court, a plaintiff must first file a charge with the EEOC.  Then, after obtaining a notice of the right to sue from the EEOC, a suit is proper if it fall[s] fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.  If not, the claim is barred.") (internal quotation marks and citations omitted).  Furthermore, to the extent that Plaintiff now attempts to amend her proposed Second Amended Complaint by asserting additional facts and/or allegations relative to alleged prior EEOC filings in her reply Brief, it is "axiomatic that the complaint may not be amended" by arguments and/or factual allegations set forth in a legal brief.  *Com. of Pa. ex rel. Zimmeran v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

discrimination. *See* 42 U.S.C. § 2000e-5(e)(1); Docket No. 27-1 at 28 (indicating that Plaintiff left the embroidery department in the fall of 2019).

Next, amendment to include a common law claim for intentional infliction of emotional distress would be futile. Notably, Plaintiff only mentions this claim in one sentence at the end of the Eighth Allegation (Part II). (*See* Docket No. 27-1 at 31). However, to state a claim for intentional infliction of emotional distress under Pennsylvania law, a plaintiff must plead the following: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Robinson v. Nat'l R.R. Passenger Corp.*, 821 Fed. App'x 97, 102 (3d Cir. 2020) (citation omitted). As to the first element, a plaintiff must demonstrate that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."[5] *Id.* (citation omitted). Plaintiff's proposed Second Amended Complaint does not plausibly allege extreme or outrageous

---

[5] Examples of conduct found to state a claim for intentional infliction of emotional distress as provided by the Pennsylvania Supreme Court demonstrate the extraordinary nature of the theory:

> Cases which have found a sufficient basis for a cause of action of intentional infliction of emotional distress have had presented only the most egregious conduct. *See e.g., Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1970) (defendant, after striking and killing plaintiff's son with automobile, and after failing to notify authorities or seek medical assistance, buried body in a field where discovered two months later and returned to parents (recognizing but not adopting section 46)); *Banyas v. Lower Bucks Hospital*, 293 Pa. Super. 122, 437 A.2d 1236 (1981) (defendants intentionally fabricated records to suggest that plaintiff had killed a third party which led to plaintiff being indicted for homicide); *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d Cir. 1979) (defendant's team physician released to press information that plaintiff was suffering from fatal disease, when physician knew such information was false).

*McCullough v. Wellspan York Hosp.*, Civ. No. 1:20-CV-979, 2021 WL 711476, at *4 (M.D. Pa. Feb. 5, 2021) (quoting *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998)). "Consistent with this narrow, restrictive view of what constitutes intentional infliction of emotional distress . . . courts have frequently rebuffed efforts to cast workplace discipline or discharge decisions as the intentional infliction of emotional distress." *Id.*; *see also Sabo v. UPMC Altoona*, 386 F. Supp. 3d 530, 557 (W.D. Pa. 2019) ("It is well-settled that termination from a job is a legally insufficient basis for an intentional infliction of emotional distress claim.").

conduct by Defendant, or any of the other requisite elements. Rather, Plaintiff's claim is facially implausible because it is based solely on a vague allegation made in one sentence at the end of the Eighth Allegation (Part II) – stating that she "also asserts a claim against [Defendant] for intentional infliction of emotional distress under Common Law for mental distress caused by interference, retaliation, and overwork." (Docket No. 27-1 at 31). Although the Court liberally construes Plaintiff's proposed Second Amended Complaint, the Court concludes that amendment to include an intentional infliction of emotional distress claim would be futile for the additional reason that she never has alleged any conduct by Defendant that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society," *Robinson*, 821 Fed. App'x at 102, despite already having had multiple opportunities to do so in the 2017-2018 litigation, the original Complaint in this case in 2020, and the Amended Complaint in August 2021.

Finally, the Ninth Allegation purports to assert "a charge of obstructing justice actionable in another court" pursuant to 18 U.S.C. § 1513(e). (*See* Docket No. 27-1 at 31). "Section 1513 is the criminal statute for retaliation against a witness, victim, or an informant. A private right of action is not recognized under this criminal statute." *Shahin v. Darling*, 606 F. Supp. 2d 525, 539 (D. Del. 2009) (citing *Walsh v. United States*, Civ. No. 05–CV–818, 2006 WL 1617273, at *5 (M.D. Pa. June 9, 2006)). Consequently, as a private citizen, Plaintiff does not have a right to prosecute this federal criminal charge, thus amendment to include such a claim would be futile. *See El v. People's Emergency Ctr.*, Civ. No. 19-690, 2021 WL 2823042, at *3 (E.D. Pa. July 7, 2021) (dismissing federal criminal claims, including one under 18 U.S.C. § 1513, because a plaintiff "has no private right of action to bring claims under the criminal code").

After carefully considering Plaintiff's proposed Second Amended Complaint, and liberally construing same given her *pro se* status, the Court concludes that further amendment to include the Eighth Allegation (Part I), the Eighth Allegation (Part II) and the Ninth Allegation would be futile.  Accordingly, Plaintiff's Motion to Amend her Amended Complaint will be denied.

## **ORDER OF COURT**

AND NOW, this 13th day of October, 2021, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend her Amended Complaint (Docket No. 27) is DENIED.

IT IS FURTHER ORDERED that Defendant's response to Plaintiff's Amended Complaint (Docket No. 26), which is the operative pleading in this case, is due by **October 27, 2021**.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

Rosalyn Christopherson (via U.S. mail)
1770 Greensburg Road
Lower Burrell, PA  15068